◼ In the Matter of RICHARD BRUNO, Respondent, v PEMBROOKE MANAGEMENT, INC., et al., Appellants.—Kane, J. P. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Meehan, J.), entered October 25, 1989 in Rockland County, which granted petitioner's application, in a proceeding pursuant to Executive Law § 298, to annul a determination of the State Division of Human Rights dismissing petitioner's claim that respondents were guilty of an unlawful discriminatory practice based on creed.

From 1979 to 1984, petitioner contracted with respondents to lease space in respondents' shopping center, the Nanuet Mall in Rockland County, for the purpose of displaying a nativity scene and fireplace promotion. In 1985, respondents decided to discontinue leasing the space to petitioner as part of efforts "to keep the commercial aspects of Christmas out of religion". Although respondents later changed their position and provided for display of the nativity scene at the mall, respondents decided not to renew petitioner's lease for 1985. Petitioner then filed a complaint with the State Division of Human Rights (hereinafter SDHR), asserting essentially that respondents violated the Human Rights Law (Executive Law art 15) by refusing to renew the lease because petitioner intended to display a religious scene. SDHR, without reaching the merits, dismissed the complaint for lack of jurisdiction because the rental of space in order to "display * * * a religious scene does not constitute a 'Business or Profession' as required by the definition of Commercial space found in the * * * Human Rights Law". In this CPLR article 78 proceeding, Supreme Court vacated the decision of SDHR and remitted the matter for a review of the merits of petitioner's complaint. This appeal followed.

We affirm. Supreme Court correctly concluded that the rental space at issue within respondents' mall was commercial space according to the Human Rights Law (see, Executive Law § 292 [13]). SDHR was created, in part, to eliminate and prevent discrimination in, inter alia, the use and rental of commercial spaces (see, Executive Law § 290 [3]; see generally, Matter of Board of Higher Educ. v Carter, 16 AD2d 443, 445, mod 14 NY2d 138). Pursuant to Executive Law § 292 (13), the

term "commercial space" is defined to include: "any space in a building, structure, or portion thereof which is used or occupied or is intended, arranged or designed to be used or occupied for the manufacture, sale, resale, processing, reprocessing, displaying, storing, handling, garaging or distribution of personal property; and any space which is used or occupied, or is intended, arranged or designed to be used or occupied as a separate business or professional unit or office in any building, structure or portion thereof." Here, petitioner used the space not only to display the nativity scene but also to promote his fireplace business. Contrary to SDHR's position, the fireplace display is not merely incidental but, in our view, clearly brings the intended use within the statutory definition of commercial space. Accordingly, given SDHR's irrational and unreasonable interpretation of the term "commercial space", as envisioned by the Human Rights Law, Supreme Court properly vacated and remitted the matter to SDHR for a consideration of the merits.

Judgment affirmed, without costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.